# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| JONAS MATHIS, | : |
| Plaintiff, | : |
| v. | : CASE NO. 5:11-CV-160-MTT-MSH |
| | : 42 U.S.C. § 1983 |
| JUDGE HUGH P THOMPSON, et al. | : |
| Defendants. | : |

## ORDER GRANTING *IN FORMA PAUPERIS* MOTION
## AND RECOMMENDATION OF DISMISSAL

Plaintiff Mathis, presently an inmate at Johnson State Prison in Wrightsville, Georgia, filed the instant action pursuant to 42 U.S.C. § 1983. His Complaint is before the Court for preliminary review under 28 U.S.C. § 1915A. Additionally, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is presently pending before the Court. For the reasons discussed below, Plaintiff's motion to proceed *in forma pauperis* ("IFP") is granted. However, the Court recommends dismissal of Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

## BACKGROUND

Plaintiff claims that between November 24, 1979 and August 28, 1980, his rights were violated by several judges, prosecutors, and other court personnel in Putnam County Superior Court. (Compl. 3-5, ECF No. 1.) Specifically, Plaintiff seeks compensation for what he claims was malicious prosecution and false imprisonment by the failure of the court reporter to prepare and file a trial transcript of Plaintiff's criminal proceedings in

1980. (Br. in Supp. of Compl. 1-2, ECF No. 1-2.) Plaintiff also contends that the jury selection process in his trial was a violation of his constitutional rights. (Br. in Supp. of Compl. 15-18.) Next, Plaintiff complains that his constitutional rights were violated when the motion for a writ of mandamus filed by Plaintiff in October 2007 was denied. (Br. in Supp. of Compl. 12-13.) The Order denying Plaintiff's motion was issued on May 28, 2008. Additionally, Plaintiff complains that his June 12, 2007, motion for a new trial was denied. (Br. in Supp. of Compl. 13-14.)

## DISCUSSION

**I.     Plaintiff's Motion to Proceed IFP**

Along with his Complaint, Plaintiff filed a motion for leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears that Plaintiff is unable to pay the cost of commencing this action, Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). Plaintiff must pay 20% per month of his prison account until the $350.00 filing fee is paid in full.

2

In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) per month of Plaintiff's prison account until the $350.00 filing fee is paid in full, provided the amount in the account exceeds $10.00.

## II. Preliminary Review of Plaintiff's Complaint

### A. Standard for Preliminary Review

Plaintiff's Complaint is before this court for initial screening pursuant to the provisions of the Prisoner Litigation Reform Act ("PLRA"). As codified at 28 U.S.C. § 1915A, the PLRA provides:

> (a) Screening.– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

"A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show [that] the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215

(2007). "If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]" *Id.*

    B.    <u>Plaintiff's Complaint Should be Dismissed</u>

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, in order to state a viable § 1983 claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978).

Plaintiff's claims should be dismissed because have been asserted outside the statute of limitations. Although 42 U.S.C. § 1983 does not contain a statute of limitations, the Supreme Court has held that the state limitation period applicable to personal injury actions should be applied to all actions brought pursuant to 42 U.S.C. § 1983. *Wallace v. Kato*, 549 U.S. 384, 386 (2007). For § 1983 actions arising out of events which occurred in Georgia, the statute of limitations is two years. *Taylor v. Nix,*

240 F. App'x 830, 835 (11th Cir. 2007). A statute of limitations begins to run when a cause of action accrues—in other words, "when the fact which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Hafez v. Madison*, 348 F. App'x 465, 467 (11th Cir. 2009) (internal quotation marks and citations omitted).

Plaintiff claims that his constitutional rights were violated, and he was injured, when allegedly improper jury selection was conducted at his trial in 1980 and when the trial was not transcribed and a transcript was not produced in 1980. Plaintiff also mentions other dates when relief was denied to him as recently as May 2008. Even construing Plaintiff's Complaint liberally, Plaintiff's complaint is barred by the applicable statute of limitations. At best, Plaintiff's cause of action accrued in May 2008. Plaintiff filed this action on March 25, 2011, close to a year after the statute of limitations expired. In reality, Plaintiff's cause of action accrued in 1980 when voir dire was conducted and when a trial transcript should have been prepared. This accrual date puts Plaintiff's Complaint close to thirty years after the statute of limitations expired. The liberal construction that is granted *pro se* litigants in filing complaints does not mean that they are allowed lack of compliance with deadlines that are imposed by law. *See Moulds v. Bullard*, 345 F. App'x 387, 390 (11th Cir. 2009) ("Liberal construction does not mean liberal deadlines.") (internal quotation marks and citation omitted). Because the statute of limitations has expired in this case, Plaintiff has failed to state a claim and his Complaint should be dismissed.

## CONCLUSION

WHEREFORE, IT IS HEREBY ORDERED that Plaintiff's motion to proceed *in forma pauperis* is GRANTED. Furthermore, IT IS HEREBY RECOMMENDED that the current Complaint be DISMISSED under 28 U.S.C. § 1915A for Plaintiff's failure to state a claim upon which relief may be granted. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT COURT within FOURTEEN (14) DAYS after being served with a copy hereof.

SO ORDERED and RECOMMENDED, this 3rd day of May, 2011.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE